WILLIS HANSCOM *vs.* GEORGE W. HEWES.

A judgment for the original plaintiff in a sum for which the defendant has offered to be defaulted in a review of an action on a promissory note is a bar to a subsequent action thereon between the same parties.

ACTION OF CONTRACT upon a promissory note. Trial and verdict for the plaintiff in the superior court of Suffolk at January term 1858, before *Huntington*, J., to whose rulings the defendant alleged exceptions. The facts material to the point decided are stated in the opinion.

*W. L. Burt*, for the defendant.

*A. O. Allen*, for the plaintiff.

DEWEY, J. By the record introduced in the present case, it appears that the note sought to be recovered was made the subject of a former action between these parties. The defendant having in that suit filed a demand in set-off, the plaintiff had no right to discontinue that action. Rev. Sts. *c.* 96, § 24. He did not formally withdraw his cause of action on the note, but permitted the same to remain on the record, and suffered the defendant to take a judgment for his demand filed in set-off. The plaintiff, upon application to the court, obtained leave to prosecute a writ of review of the judgment obtained against him, and by his writ of review again opened the whole case, as well his claim upon the note as the demand of the defendant filed in set-off. In this state of the case, the parties terminated their litigation in that suit by an entry in favor of the plaintiff in review, for a sum for which the defendant had offered to be defaulted, and which is stated in the judgment. Apparently this closes all further litigation between these parties as to the note. In this state of the case, the former judgment must be taken to be a bar to a new action upon the note.

We have not considered the question of the effect of a formal withdrawal of this note when the former case was on trial, and a proper notice of that purpose given by the plaintiff, as no such case is presented upon the bill of exceptions.

As the case now appears before us, the former judgment appears to be a legal bar to maintaining a new action upon this note. *Exceptions sustained.*